UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MAKSUD UL MAHBUB, | Case No. 17-CV-4908 (JRT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN, RUSH CITY PRISON; JOHN CHOI, Ramsey County Attorney; LORI SWANSON, Attorney General; and STATE OF MINNESOTA, | |
| Respondents. | |

---

Petitioner Maksud Ul Mahbub was convicted by a state-court jury of one count of third-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. State v. Mahbub, No. A11-1284, 2013 WL 4779009, at *3 (Minn. Ct. App. Sept. 9, 2013). Mahbub previously sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254; that petition was denied with prejudice on the basis that Mahbub had procedurally defaulted on the claims he had raised in that petition. See, Mahbub v. Warden, No. 14-CV-4825 (PJS/LIB), 2016 WL 75053, at *3 (D. Minn. Jan. 6, 2016).

Mahbub now returns to federal court, again seeking habeas corpus relief from his conviction and sentence. But 28 U.S.C. § 2244(b) restricts the ability of prisoners to bring "second or successive" habeas corpus petitions pursuant to § 2254. Any claims presented in a second or successive habeas petition that also had been presented in a prior petition must be dismissed. See, 28 U.S.C. § 2244(b)(1). Further, a claim presented in a second or successive habeas petition that was

*not* presented in a prior petition cannot be prosecuted in district court until the appropriate court of appeals authorizes the claim for review. See, 28 U.S.C. § 2244(b)(3).

Mahbub has not received authorization from the Eighth Circuit Court of Appeals to file the habeas Petition pending in this matter. Nevertheless, Mahbub insists that the pending Petition should not be deemed second or successive because he could not have presented the claims in his earlier petition, since — according to Mahbub — he did not, at the time the earlier petition was filed, have a reasonable chance of success on those claims, as those claims had not yet been exhausted in the state courts. But nothing prevented Mahbub from fully prosecuting each of his claims, including his then-unexhausted claims, in state court before proceeding with federal habeas corpus litigation.[1] See, 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (outlining stay-and-abeyance procedure). That Mahbub earlier elected to proceed with only *some* of the grounds upon which to challenge his conviction that might be available to him on federal habeas review does not leave his current Petition outside the scope of § 2244(b). See, Burton v. Stewart, 549 U.S. 147, 154 (2007) (per curiam).

Accordingly, the Court can consider Mahbub's current habeas corpus Petition only after Mahbub has received authorization from the Eighth Circuit. No such authorization has been granted,

---

[1] The claims were undoubtedly known to Mahbub, as he raised those claims in a state petition for post-conviction relief filed prior to the dismissal with prejudice of his first federal habeas corpus petition. See, Mahbub v. State, No. A16-1852, 2017 WL 2628209, at *1 (Minn. Ct. App. June 19, 2017).

and thus it is recommended that this matter be dismissed without prejudice for lack of jurisdiction.[2] Finally, because it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Mahbub's current habeas corpus petition differently than it is being treated here, it is recommended that a certificate of appealability not be issued. See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Maksud Ul Mahbub's motion to accept the petition as a first habeas petition, [Docket No. 9], be **DENIED;**

2. Petitioner's Motion for Stay, [Docket No. 2], be **DENIED AS MOOT**;

3. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. No certificate of appealability be issued.

Dated: December 11, 2017         s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge

---

[2] A district court may, in its discretion, transfer a second-or-successive habeas petition lacking authorization to the court of appeals for further consideration. Because Mahbub's petition does not appear to meet the criteria established for second-or-successive petitions, *see* 28 U.S.C. § 2244(b)(2)(B), this Court recommends dismissal rather than transfer. Dismissal would not preclude Mahbub from later seeking authorization from the Eighth Circuit of his own accord.

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).