UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MAKSUD UL MAHBUB,<br><br>                            Petitioner,<br><br>v.<br><br>WARDEN, RUSH CITY PRISON; JOHN CHOI, *Ramsey County Attorney;* LORI SWANSON, *Attorney General;* STATE OF MINNESOTA,<br><br>                            Respondents. | Civil No.  17-4908 (JRT/LIB)<br><br>**ORDER** |

Maksud Ul Mahbub, 23498, Freeborn County Detention Center, P.O. Box 170, Albert Lea, MN  56007, *pro se* petitioner.

Edwin W. Stockmeyer, III, and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN  55101, for respondents.

Peter R. Marker, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 345 Wabasha Street North, Suite 120, St. Paul, MN  55102, for State of Minnesota.

Petitioner Maksud Ul Mahbub ("Mahbub"), an inmate at the Minnesota Correctional Facility – Rush City, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed Mahbub's petition without prejudice because Mahbub has not received authorization from the Eighth Circuit to bring a second or successive habeas petition.  (Order at 3-5, May 17, 2018, Docket No. 39.)  Mahbub now moves to extend time to file his application for a Certificate of Appealability ("COA"), to appoint

appellate counsel, and to proceed in forma pauperis. (Mot. to Extend Time, May 31, 2018, Docket No. 42; IFP Application, May 31, 2018, Docket No. 43.) The Court will deny Mahbub's motions as moot because Mahbub is not entitled to a COA.

A petitioner cannot appeal a final order on a habeas petition arising out of a state conviction unless issued a COA. 28 U.S.C. § 2253(c)(1)(A). A district court judge possesses the authority to issue COAs. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997); Fed. R. App. P. 22. A court may issue a COA only where a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The petitioner must satisfy both elements. *Id.*

Mahbub is not entitled to a COA because there is no debate that Mahbub failed to receive approval from the Eighth Circuit before filing his second habeas petition. 28 U.S.C. § 2244(b)(3); *see also Mahbub v. Warden*, No. 14-4825, 2016 WL 75053 , at *3 (D. Minn. Jan. 6, 2016) (dismissing Mahbub's first petition with prejudice). As the Court informed Mahbub in its initial order, if he wishes to present his claims in federal court, he must first seek authorization from the Eighth Circuit. The Court concludes that Mahbub

cannot show the Court's procedural ruling is debatable among reasonable jurists or worthy of further proceedings. *Slack*, 529 U.S. at 484-85. As such, the Court need not consider his constitutional claims. Accordingly, the Court will not issue a COA and will deny Mahbub's motions.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner shall **NOT** be granted a Certificate of Appealability;

2. Petitioner's Motion to Extend Time to File Application for COA and to Appoint Counsel [Docket No. 42] is **DENIED** as moot; and

3. Petitioner's Application to Proceed In Forma Pauperis on Appeal [Docket No. 43] is **DENIED** as moot.

DATED: June 27, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                              Chief Judge
                                     United States District Court